IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY RAY THOMPSON,
    Petitioner/Plaintiff,
    v.
UNITED STATES OF AMERICA,
 et al.,
    Respondent/Defendants

Case No. 3:14-cv-122-KRG-KAP

Order, Report and Recommendation

Recommendation and Order

Anthony Ray Thompson's motion to proceed *in forma pauperis*, docket no. 1, is granted. The document headed "42 U.S.C.§ 1983/85," considered as a civil complaint, should be dismissed without leave to amend. The motion for appointment of counsel is denied.

Report

Anthony Ray Thompson submitted a document with the heading "42 U.S.C.§ 1983/85" which can be taken to be a proposed civil complaint: even though Thompson styles himself both as petitioner and as plaintiff, he makes clear that he "does not seek reversal of his convictions in this action," but rather money damages. Thompson, sentenced in 2006 to 21-60 years imprisonment by the Court of Common Pleas of Cambria County, has been both a plaintiff and a petitioner many times in this court. See e.g. complaints at Thompson v. Commonwealth, Case No. 3:05-cv-233-KRG-KAP, Thompson v. Commonwealth, Case No. 3:05-cv-238-KRG-KAP, Thompson v. Beyer, Case No. 3:05-cv-345-KRG-KAP, Thompson v. Bernstein, Case No. 3:05-cv-440-KRG-KAP, Thompson v. United States,

Case No. 3:09-cv-138-AJS-KAP, Thompson v. Vitko, Case No. 3:12-cv-84-KRG-KAP, and habeas corpus petitions at Thompson v. Commonwealth, Case No. 3:06-cv-2-KRG-FXC, Thompson v. Department of Corrections, Case No. 1:06-cv-251-KRG-FXC, Thompson v. Cambria County Courthouse, Case No. 3:07-cv-38-KRG-FXC, Thompson v. Sobina, Case No. 3:08-cv-146-KRG-CB, Thompson v. Krumenacker, Case No. 3:11-cv-156-KRG-CB, and Thompson v. Giroux, Case No. 3:14-cv-4-KRG-KAP.

Thompson's most recent petition for a writ of habeas corpus, Thompson v. Giroux, Case No. 3:14-cv-4-KRG-KAP (W.D.Pa. January 24, 2014) was denied this January without prejudice to Thompson filing a motion in the Court of Appeals pursuant to 28 U.S.C.§ 2244 for permission to file a second or subsequent petition. Thompson's subsequent Section 2244 motion was denied by the Court of Appeals in April. In re: Anthony Ray Thompson, No. 14-1320 (3d Cir. April 7, 2014).

Thompson now seeks a total of $500 million from the United States and the judges on this court and the Court of Appeals responsible for the rulings in Thompson v. Giroux, Case No. 3:14-cv-4-KRG-KAP (W.D.Pa.) and In re: Anthony Ray Thompson, No. 14-1320 (3d Cir.). According to Thompson, I personally am responsible for $70 million of that.

The first question is whether being named as a defendant requires my recusal (and the recusal of the other individual

defendants). The answer is no, because otherwise any litigant could judge shop simply by following Thompson's example. The standard for recusal under 28 U.S.C. §§ 144 and 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might **reasonably** be questioned. A judge's prior adverse ruling is not evidence of a lack of impartiality. Further, a judge is not disqualified by a litigant's suit or threatened suit against him. United States v. Studley, 783 F.2d 934, 939-40 (9th Cir.1986).

Thompson's suit is precluded by the defendants' immunity. The United States is immune from suit except by way of the Federal Tort Claims Act, and Thompson states no claim under the FTCA. The individual judges are immune from suit under the doctrine of absolute judicial immunity: Thompson cannot sue the defendant judges for the act of ruling against him. In general, litigants cannot sue judges for acts taken in the course of their official duties. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Figueroa v. Blackburn, 208 F.3d 435 (3d Cir.2000). Even allegations that judges were corrupt and malicious, see Pierson v. Ray, 386 U.S. 547, 553-54 (1967), or conspired together to rule improperly, see Moses v. Parwatikar, 813 F.2d 891, 893 (8th Cir.), cert. denied, 484 U.S. 832 (1987), do not overcome this immunity. A judge loses immunity only for actions taken in the clear absence of all jurisdiction. Gallas v. Supreme

Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir.2000), quoting Stump v. Sparkman, supra, 435 U.S. at 356-57. Because the acts of presiding over Thompson v. Giroux, Case No. 3:14-cv-4-KRG-KAP (W.D.Pa.) and In re: Anthony Ray Thompson, No. 14-1320 (3d Cir.) were clearly committed to the jurisdiction of the respective judges by 28 U.S.C.§§ 2241, 2244, and 2254, Thompson's complaint should be dismissed in its entirety without leave to amend.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 13 June 2014

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Anthony Ray Thompson GQ-6082
S.C.I. Forest
P.O. Box 945
Marienville, PA 16239